## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| GILEAD COMMUNITY SERVICES, INC., *et al.*<br>　　　　　　*Plaintiffs,*<br><br>　　v.<br><br><br>TOWN OF CROMWELL, *et al.*<br>　　　　　　*Defendants.* | Case No. 3:17-cv-627-VAB |

## JOINT TRIAL MEMORANDUM

Pursuant to the Court's Order, the Parties jointly submit this Trial Memorandum.

**I.  Trial Counsel**

**A.  Plaintiffs' Counsel**

Tara Ramchandani
Yiyang Wu
Andrea Lowe
Relman Colfax PLLC
1225 19th St. NW, Suite 600
Washington, DC, 20036
Tel.: (202) 728-1888
Fax: (202) 728-0848
tramchandani@relmanlaw.com
ywu@relmanlaw.com
alowe@relmanlaw.com

Greg Kirschner
Connecticut Fair Housing Center
60 Popieluszko Ct.
Hartford, CT 06106
Tel.: (860) 247-4400
Fax: (860) 247-4236
greg@ctfairhousing.org

**B.  Defendants' Counsel**

Thomas R. Gerarde
Tyler Carroll
Howd & Ludrof, LLC
65 Wethersfield Ave.

Hartford, CT 06114
Tel: (860) 249-1361 x143
tgerarde@hl-law.com

**II.**   **Jurisdiction**

This Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 3601, et seq. (as to the

Fair Housing Act claims) and 42 U.S.C. § 12131, et seq. (as to the Americans with Disabilities Act

claim). More generally, this Court has federal question jurisdiction under 28 U.S.C. § 1331.

**III.**   **Jury/Non-Jury**

This case will be tried to a jury.

**IV.**   **Length of Trial**

Plaintiffs estimate that they will need 7 trial days to present their case. Defendants estimate

they will need fourteen (14) days to present their case.

**V.**   **Further Proceedings**

No further proceedings are needed prior to trial, other than the final pre-trial conference with

the Court. Motions *in limine* have been filed concurrently with this memorandum.

**VI.**   **Nature of the Case**

**A.**   **Plaintiffs' Statement**

This case arises under the Fair Housing Act, 42 U.S.C. § 3601, et seq., and the Americans

with Disabilities Act, 42 U.S.C. § 12131, et seq. Plaintiffs Gilead Community Services and the

Connecticut Fair Housing Center allege that Defendant the Town of Cromwell violated both of

these statutes through a sustained—and ultimately successful—campaign opposing the siting and

operation of a group home for people with disabilities at 5 Reiman Drive in Cromwell, CT.

Gilead Community Services is a non-profit mental health services provider. In 2014, Gilead

Community Services purchased a house at 5 Reiman Drive in Cromwell, intending to use it to

provide a home for people with disabilities. After learning of the purchase from neighbors angry

about Gilead's plan, Town officials—including the Mayor of Cromwell, the Town manager, the Town Council, and other Town employees—took actions in opposition to the home because of the disabilities of Gilead's intended residents.

These actions included public and vocal opposition to the siting of Gilead's home at 5 Reiman through public statements, press releases, and communications with constituents indicating their opposition to the home; encouraging the opposition by neighborhood groups; petitioning the Connecticut Department of Public Health ("DPH") to prevent Gilead from opening the home at 5 Reiman (despite being on notice that DPH did not have jurisdiction over the proposed home, which did not require licensure); issuing a Cease and Desist Order to Gilead to prevent more than two residents from moving into the home; conducting an anemic police investigation of defacement of the 5 Reiman home; and denying tax-exempt status to 5 Reiman. Plaintiffs allege that the Town took these actions to oppose the home at 5 Reiman Drive because the intended residents of Gilead's home were people with disabilities, and that the Town's decisions were influenced at least in part by the prejudices of their constituents regarding the disabilities of the intended residents of Gilead's home. Plaintiffs intend to introduce evidence that the Town's actions caused Gilead to cease using the home for its clients, thereby depriving at least six people with disabilities the opportunity to make their home at 5 Reiman Drive because of their disabilities.

Plaintiffs also allege that, after Gilead filed a lawsuit against the Town of Cromwell in federal court, the Town retaliated against Gilead by revoking the tax-exempt status of Gilead's home at 461 Main Street in Cromwell (as it already had against 5 Reiman Drive) because of Plaintiffs' decision to engage in a protected activity.

Based on these factual allegations, Plaintiffs' causes of action include that: 1) the Town's actions against Gilead's home at 5 Reiman amounted to intentional discrimination because they were motivated by the disabilities of the home's intended residents, thereby making housing

unavailable, imposing discriminatory terms and conditions, and engaging in harassment and interference with enjoyment of housing, in violation of 42 U.S.C. §§ 3604(f)(1), 3604(f)(2), 3617 and 42 U.S.C. § 12132; 2) the Town made statements that indicated a limitation or preference that Gilead's disabled clients not live at 5 Reiman Drive, in violation of 42 U.S.C. § 3604(c); and 3) that the Town retaliated against Gilead by revoking its tax-exempt status because Gilead asserted its fair housing rights, in violation of 42 U.S.C. § 3617 and 42 U.S.C. § 12132.

As a result of the Town's actions, both Plaintiffs are seeking compensatory damages for the harm they suffered as a result of Defendant's conduct in an amount to be determined by a jury. Gilead incurred substantial financial losses, most significantly from the loss of its contract for and use of the home at 5 Reiman Drive, suffered harm to its reputation and to the welfare of Gilead's clients, and was forced to divert resources away from its other programs and activities in order to address the Town's unlawful conduct. Gilead was also unable to carry out its mission and purpose of ensuring that people experiencing mental health conditions are treated with dignity and cared for with compassion. With regard to the Connecticut Fair Housing Center, the Town's actions forced CFHC to divert resources away from its other programs and activities in order to address and investigate the Town's unlawful conduct. The Town's actions also introduced into the community the wrong impression that people with disabilities should be limited in where they can live, impeding CFHC's ability to carry out its mission and purpose of ensuring that all people have equal access to housing opportunities in Connecticut, free from discrimination.

Plaintiffs also seek an award of punitive damages in this case because the evidence will demonstrate that the Defendant acted in reckless indifference to federally protected rights.

**B. Defendants' Statement**

The Plaintiff claims that the Defendants are in violation of the Fair Housing Act, the Americans with Disabilities Act and the Rehabilitation Act § 504. The Defendants did not violate

4

any of these statutes. The Plaintiffs decision to end their contract with DHMAS, to provide services to DHMAS at 5 Reiman Drive, was the result of Gilead's gross mismanagement and poor decision-making regarding the operation of the home at 5 Reiman Drive, and the subsequent state-wide investigation of Gilead by DHMAS.

## VII.   Legal Issues

The Parties have filed their motions *in limine* concurrently with the filing of this Memorandum. Further, the Parties have identified their respective objections to the opposing Parties' exhibit list, proposed jury instructions, and deposition designations.

## VIII.   Trial by Magistrate Judge

The Parties have not consented to trial by a Magistrate Judge.

## IX.   Evidence

### A.   Witnesses

#### 1.   Plaintiffs' Witness List

Plaintiffs will call the following witnesses in their case-in-chief:

1.   Shawna Baron (Contact through Defendants' Counsel): Ms. Baron will testify about Defendants' policies and practices; Plaintiffs' claims and damages; communications and interactions with Plaintiffs, Connecticut state agencies, and town residents in relation to Plaintiff Gilead Community Services and the residence at 5 Reiman Drive; applications for real estate property tax exemptions and denials pursuant to Conn. Gen. Stat. § 12-81(7); and Defendants' discriminatory conduct.

2.   Vincent "Enzo" Faienza (Contact through Defendants' Counsel): Mr. Faienza will testify about Defendants' policies and practices; Plaintiffs' claims and damages; communications and interactions with Plaintiffs, Connecticut state agencies, and town residents in relation to Plaintiff Gilead Community Services and the residence at 5 Reiman Drive; forums, press

releases, and statements to the press by Town officials; and Defendants' discriminatory

conduct.

3. Erin Kemple (Contact through Plaintiffs' Counsel): Ms. Kemple will testify about Defendants'

discriminatory conduct; the diversion of Plaintiff Connecticut Fair Housing Center's resources

to investigate and address Defendants' discriminatory conduct; how that conduct has frustrated

CFHC's mission of ensuring equal access to housing for people with disabilities; and Plaintiffs'

damages.

4. Daniel Osborne (Contact through Plaintiffs' Counsel): Mr. Osborne will testify about Plaintiff

Gilead Community Services' claims; communications and interactions with Defendants;

Defendants' discriminatory conduct; and Plaintiffs' damages.

5. Patricia Rehmer (Contact through Plaintiffs' Counsel): Ms. Rehmer will testify about the

purpose of group homes in Connecticut; best practices of towns and municipalities with respect

to group homes; and Plaintiffs' damages. Ms. Rehmer is currently the President of the

Behavioral Health Network at Hartford Healthcare, and she is the former Commissioner of the

Connecticut Department of Mental Health and Addiction Services (DMHAS). The basis of her

opinions are her 30 years of experience with public and private behavioral health agencies, her

experience working with municipalities in Connecticut as related to the siting and placement of

homes for people with disabilities, and her review of materials pertaining to this case as

outlined in her expert report. The documents that Ms. Rehmer may rely on are marked with an

asterisk in Attachment A.

6. Anthony Salvatore (Contact through Defendants' Counsel): Mr. Salvatore will testify regarding

Defendants' policies and practices; Plaintiffs' claims and damages; communications and

interactions with Plaintiffs, Connecticut state agencies, and town residents in relation to Gilead

and the residence at 5 Reiman Drive; forums, press releases, and statements to the press by

Town officials; and Defendants' discriminatory conduct.

Plaintiffs may call the following witnesses in their case-in-chief:

1. Barbara Cass (c/o Emily Melendez, Office of the Attorney General, 55 Elm Street, Hartford, CT 06141): Ms. Cass may testify about Defendants' policies and practices; Plaintiffs' claims and damages; communications and interactions with Plaintiffs, Defendants (including all employees of the Town of Cromwell), and town residents in relation to Gilead and the residence at 5 Reiman Drive; and Defendants' discriminatory conduct.

2. Celeste Cremin-Endes (c/o Emily Melendez, Office of the Attorney General, 55 Elm Street, Hartford, CT 06141): Ms. Cremin-Endes may testify about Defendants' policies and practices; Plaintiffs' claims and damages; communications and interactions with Plaintiffs, Defendants (including all employees of the Town of Cromwell), and town residents in relation to Gilead and the residence at 5 Reiman Drive; and Defendants' discriminatory conduct.

3. Miriam Delphin-Rittmon (c/o Emily Melendez, Office of the Attorney General, 55 Elm Street, Hartford, CT 06141): Ms. Delphin-Rittmon may testify about Defendants' policies and practices; Plaintiffs' claims and damages; communications and interactions with Plaintiffs, Defendants (including all employees of the Town of Cromwell), and town residents in relation to Gilead and the residence at 5 Reiman Drive; and Defendants' discriminatory conduct.

4. Michael Duncan (last known address 950 Cambridge St, Cambridge, MA 02141): Mr. Duncan may testify about a Cease and Desist Order issued by the Town of Cromwell to the residents of 9 Elm Drive, Cromwell, CT, a home for people with disabilities; the appeal of that Order; and the Town's decision to withdraw the Order.

5. Kimberly Hogan (Contact through Plaintiffs' Counsel): Ms. Hogan may testify about Plaintiff Gilead Community Services' claims; communications and interactions with Defendants; Defendants' discriminatory conduct; and Plaintiffs' damages.

6. Timothy Hollister (20 Church Street, Hartford, CT 06103): Mr. Hollister may testify about Plaintiff Gilead Community Services' claims; communications and interactions with Defendants; Defendants' discriminatory conduct; and Plaintiffs' damages.

7. Frances Ludwig (Contact through Plaintiffs' Counsel): Ms. Ludwig may testify about Plaintiff Gilead Community Services' claims; communications and interactions with Defendants; Defendants' discriminatory conduct; and Plaintiffs' damages.

8. Jillian Massey (Contact through Defendants' Counsel): Ms. Massey may testify about Defendants' policies and practices; Plaintiffs' claims and damages; communications and interactions with Plaintiffs, Connecticut state agencies, and town residents in relation to Gilead and the residence at 5 Reiman Drive; Defendants' zoning and enforcement decisions, including cease and desist orders; and Defendants' discriminatory conduct.

9. Aurelia Matus (Contact through Defendants' Counsel): Ms. Matus may testify about Plaintiffs' claims and damages; communications and interactions with Plaintiffs, Connecticut state agencies, and town residents in relation to Gilead and the residence at 5 Reiman Drive; forums, press releases, and statements to the press by Town officials; and Defendants' discriminatory conduct.

10. David McKinley (address unknown): Mr. McKinley may testify about group homes and the protection afforded to them under Connecticut law.

11. Jean Monahan (Contact through Plaintiffs' Counsel): Ms. Monahan may testify about Plaintiff Gilead Community Service's claims; communications and interactions with Defendants; Defendants' discriminatory conduct; and Plaintiffs' damages.

12. Richard Newton (Contact through Defendants' Counsel): Mr. Newton may testify about Defendants' policies and practices; Plaintiffs' claims and damages; communications and interactions with Plaintiffs, Connecticut state agencies, and town residents in relation to Gilead

and the residence at 5 Reiman Drive; and Defendants' discriminatory conduct.

13. Salvatore Petrella (6 Raymond Place, Cromwell, CT 06416): Mr. Petrella may testify about a Cease and Desist Order issued by the Town of Cromwell to the residents of 9 Elm Drive, Cromwell, CT, a home for people with disabilities; the appeal of that Order; communications with the Town and Town attorney regarding the legality of the Order; and the Town's decision to withdraw the Order.

14. Stuart Popper (Contact through Defendants' Counsel): Mr. Popper may testify about Defendants' policies and practices; Plaintiffs' claims and damages; communications and interactions with Plaintiffs, Connecticut state agencies, and town residents in relation to Gilead and the residence at 5 Reiman Drive; information regarding the Town's Planning and Zoning Commission's jurisdiction over the residence at 5 Reiman Drive; Defendants' zoning and enforcement decisions, including cease and desist orders; information regarding previous applications to build group homes in Cromwell; and Defendants' discriminatory conduct.

15. Kathy Townsend (Contact through Plaintiffs' Counsel): Ms. Townsend may testify about Plaintiff Gilead Community Service's claims; communications and interactions with Defendants; Defendants' discriminatory conduct; and Plaintiffs' damages.

16. Diane Uccello (21 Reiman Drive, Cromwell, CT 06416): Ms. Uccello may testify about Defendants' policies and practices; information regarding Plaintiffs' claims and damages; communications and interactions with Defendants (including all employees of the Town of Cromwell) in relation to Gilead and the residence at 5 Reiman Drive; forums; and Defendants' discriminatory conduct.

17. Gary Wallace (Contact through Plaintiffs' Counsel): Officer Wallace may testify about Plaintiff Gilead Community Services' claims; communications and interactions with Defendants; Defendants' discriminatory conduct; and Plaintiffs' damages.

9

18. Edward Wenners (Contact through Defendants' Counsel): Mr. Wenners may testify about Defendants' policies and practices; Plaintiffs' claims and damages; communications and interactions with Plaintiffs, Connecticut state agencies, and town residents in relation to Gilead and the residence at 5 Reiman Drive; information regarding forums, press releases, and statements to the press by Town officials; and Defendants' discriminatory conduct.

### 2.   Defendants' Objections to Plaintiffs' Proposed Witnesses

The Defendants have filed a Motion *in Limine* regarding Plaintiffs' expert Pat Rehmer.

### 3.   Defendants' Witness List

The Defendants will call the following witnesses in their case-in-chief.

1. Daniel Osborn (Gilead Community Services, 222 Main Street Extension, Middletown, CT, 06457): Mr. Osborn will testify as to all liability and damages issues.

2. Paul Doyle (8 Glastonbury Ave., Rocky Hill, CT 06067): Attorney Doyle will testify to communications with Gilead, the State of Connecticut, the Town of Cromwell, and various constituents, regarding Gilead.

3. Anthony Casagrande (Department of Public Health, 410 Capital Ave., Hartford, CT 06106): Mr. Casagrande will testify as to his role in the Petition to the Department of Public Health, filed by the Town.

4. Celeste Cremin-Endes (River Valley Services, 351 Silver Street, Middletown, CT 06457): Ms. Cremin-Endes will testify as to her role, actions, and communications related to Gilead, including the investigation that followed the July 2015 incident and the Gilead decision to leave 5 Reiman Drive.

5. Doreen Del Bianco (State of Connecticut DHMAS, 410 Capitol Ave., Hartford, CT 06106): Ms. Del Bianco will testify as to the relationship between DHMAS and Gilead, as well as involvement and communications with and regarding Gilead's choice to leave 5 Reiman Drive.

6.  Miriam Delphin-Rittmon (State of Connecticut DHMAS, 410 Capitol Ave., Hartford, CT 06106): Ms. Delphine-Rittmon will testify as to the relationship between DHMAS and Gilead, as well as involvement and communications with and regarding Gilead's choice to leave 5 Reiman Drive.

7.  Paul DiLeo (State of Connecticut DHMAS, 410 Capitol Ave., Hartford, CT 06106): Mr. Dileo will testify as to the relationship between DHMAS and Gilead, as well as involvement and communications with and regarding Gilead's choice to leave 5 Reiman Drive.

8.  Russ Hassman (Gilead Community Services, 222 Main Street Extension, Middletown, CT 06457): Mr. Hassman will testify as to the service duties and responsibilities for Gilead, any involvement in and basis for Gilead's decision to locate at 5 Reiman Drive and the subsequent decision to leave 5 Reiman Drive, as well as all communications and actions regarding 5 Reiman Drive.

9.  Kim Hogan (Gilead Community Services, 222 Main Street Extension, Middletown, CT 06457) Ms. Hogan will testify as to the service duties and responsibilities for Gilead, any involvement in and basis for Gilead's decision to locate at 5 Reiman Drive and the subsequent decision to leave 5 Reiman Drive, as well as all communications and actions regarding 5 Reiman Drive.

10. Timothy Hollister (Shipman & Goodwin, One Constitution Plaza, Hartford, CT 06103): Mr. Hollister will testify as to communications with the town attorney and actions taken on behalf of Gilead.

11. Erin Kemple (Connecticut Fiar Housing Center, 60 Popieluszko Court, Hartford, CT 06106): Ms. Kemple will testify to claims of damages by the CFHC.

12. Fran Ludwig (Gilead Community Services, 222 Main Street Extension, Middletown, CT 06457): Ms. Ludwig will testify as to the service duties and responsibilities for Gilead, any involvement in and basis for Gilead's decision to locate at 5 Reiman Drive and the subsequent decision to

leave 5 Reiman Drive, as well as all communications and actions regarding 5 Reiman Drive.

13. Jean Monahan (Gilead Community Services, 222 Main Street Extension, Middletown, CT 06457): Ms. Monahan will testify as to the service duties and responsibilities for Gilead, any involvement in and basis for Gilead's decision to locate at 5 Reiman Drive and the subsequent decision to leave 5 Reiman Drive, as well as all communications and actions regarding 5 Reiman Drive.

14. Janel Segui (Center for Human Development, 705A New Britain Ave., Hartford, CT 06106): Ms. Segui will testify as to the service duties and responsibilities for Gilead, any involvement in and basis for Gilead's decision to locate at 5 Reiman Drive and the subsequent decision to leave 5 Reiman Drive, as well as all communications and actions regarding 5 Reiman Drive.

15. Kathy Townsend (Vista Life Innovations, 107 Bradley Road, Madison, CT 06443): Ms. Townsend will testify as to the service duties and responsibilities for Gilead, any involvement in and basis for Gilead's decision to locate at 5 Reiman Drive and the subsequent decision to leave 5 Reiman Drive, as well as all communications and actions regarding 5 Reiman Drive.

16. Gary Wallace ((Gilead Community Services, 222 Main Street Extension, Middletown, CT 06457): Mr. Wallace will testify as to the service duties and responsibilities for Gilead, any involvement in and basis for Gilead's decision to locate at 5 Reiman Drive and the subsequent decision to leave 5 Reiman Drive, as well as all communications and actions regarding 5 Reiman Drive.

17. Steven Bull (191 Old Saybrook Road, Middletown, CT 06457) Mr. Bull will testify to the damages of the claim as well as actions regarding the purchase, retention, improvement, and sale of 5 Reiman Drive.

18. Barbara Cass (Conecticut Department of Health, 410 Capitol Ave., Hartford, CT 06106): Ms. Cass will testify as to all actions regarding the petition to DPH by the Town from receipt through

investigation and decision and appeal, including all conversations with Gilead staff, including Dan Osborn and regarding state licensing requirements.

19. Barbara Bugella (State of Connecticut DHMAS, 410 Capitol Ave., Hartford, CT 06106): Ms. Bugella will testify as to the DHMAS contract with Gilead, involvement and communications with Gilead and with others regarding Gilead, and their decision to leave 5 Reiman Drive.

20. Aurelia Matus (41 Washington Street, Cromwell, CT 06416) Ms. Matus will testify as to communications that come to the Town Manger's office and the lack of discriminatory intent.

21. Robert Latulippe (9 Reiman Drive, Cromwell, CT 06416): Mr. Latulippe will testify as to communications had, statements made, and actions taken, regarding Gilead and the home at 5 Reiman Drive.

22. Stuart B. Popper (34 Chamberlin Street, New Britain, CT 06052): Mr. Popper will testify as to knowledge of Gilead and the home at 5 Reiman Drive, actions taken, and communications made, regarding the home at 5 Reiman Drive, as well as the lack of discriminatory intent.

23. Robert G. "Nick" Autorina (123 Church Street, Suite 300, Marietta, GA, 30060): Mr. Autorina will testify in rebuttal to any testimony from Patrica Rehmer.

24. Diane Uccello (21 Reiman Drive, Cromwell, CT 06416): Ms. Uccello will testify as to communications had, statements made, and actions taken, regarding Gilead and the home at 5 Reiman Drive.

25. Vincent "Enzo" Faienza (20 Horse Run Hill Road, Cromwell, CT 06416) Mr. Faienza will testify as to communications had, statements made, and actions taken, regarding Gilead, the home at 5 Reiman Drive, and a lack of intent to discriminate.

26. Allan D. Spotts (62 Blackhaw Drive, Cromwell, CT 06416): Mr. Spotts will testify as to communications had, statements made, and actions taken, regarding Gilead, the home at 5 Reiman Drive, and a lack of intent to discriminate.

27. Frank C. Emanuele Jr. (103 Evergreen Road, Cromwell, CT 06416): Mr. Emanuele Jr. will testify as to communications had, statements made, and actions taken, regarding Gilead and the home at 5 Reiman Drive.

28. Richard R. Newton (1 Elm Road, Cromwell, CT 06416): Mr. Newton will testify as to communications had, statements made, and actions taken, regarding Gilead, the home at 5 Reiman Drive, and lack of intent to discriminate.

29. Shirley J. Banic (46 Greer Street, Cromwell, CT 06416): Ms. Banic will testify as to communications had, statements made, and actions taken, regarding Gilead, the home at 5 Reiman Drive, and a lack of intent to discriminate.

30. Shawna Baron (41 West Street, Cromwell, CT 06416): Ms. Baron will testify as to all actions and communications regarding tax assessment of Gilead properties, including claims for exemption, rights of appeal, appeals taken, and a lack of an intent to discriminate.

31. Denise Lamontagne (5 West Street, Cromwell, CT 06416) Ms. Lamontagne will testify as to communications, investigations, statements made, and actions taken regarding Gilead and the home at 5 Reiman Drive. Ms. Lamontagne will also testify as to a lack of discriminatory intent.

32. Christie Marie Carpino (Legislative Office Building, Room 4200, 300 Capitol Ave, Hartford, CT 06118): Ms. Marie Caprino will testify as to communications with Gilead, the State of CT, the Town of Cromwell, and constituents, regarding Gilead.

33. Paul Morrissey Talty (80 County Lane, Unit 41, Cernon, CT 06066): Mr. Morrissey Talty will testify as to communications had, statements made, and actions taken, regarding Gilead, the home at 5 Reiman Drive, and lack of intent to discriminate.

34. Mertie L. Terry (589 Main Street, Cromwell, CT, 06416): Ms. Terry will testify as to communications had, statements made, and actions taken, regarding Gilead, the home at 5 Reiman Drive, and lack of intent to discriminate.

35. Kari Louise Olson (City Place 1, 185 Asylum Street, 29th Floor, Hartford, CT, 06103): Ms. Olson will testify as to will testify as to communications had, statements made, and actions taken, regarding Gilead, the home at 5 Reiman Drive, including advice given to the Cromwell Town Council and the Cromwell zoning enforcement officer, as well as a lack of intent to discriminate.

36. Edward B. Wenners (4 Fenwick, Cromwell, CT 06416): Mr. Wenners will testify as to communications had, statements made, and actions taken, regarding Gilead, the home at 5 Reiman Drive, and lack of intent to discriminate.

37. Stephen F. Pendi (18 Oakwood Manor, Cromwell, CT 06416) Mr. Pendi will testify as to communications had, statements made, and actions taken, regarding Gilead, the home at 5 Reiman Drive, and lack of intent to discriminate.

38. Allan Waters (86 South Street, Cromwell, CT 06416) Mr. Waters will testify as to communications had, statements made, and actions taken, regarding Gilead, including zoning enforcement, the home at 5 Reiman Drive, and a lack of intent to discriminate.

39. Anthony James Salvatore, Sr. (4 Ledge Road, Cromwell, CT 06416): Mr. Salvatore will testify as to communications had, statements made, and actions taken, regarding Gilead, the home at 5 Reiman Drive, and lack of intent to discriminate.

40. Jillian Massey (101 Lydall Road, East Hartford, CT 06118): Ms. Massey will testify as to communications had, statements made, and actions taken, regarding Gilead, the home at 5 Reiman Drive, and lack of intent to discriminate.

41. Dave Jolley (Building Dept., 41 West Street, Cromwell, Ct 06416): Mr. Jolley will testify as to communications had, statements made, and actions taken, regarding Gilead, the home at 5 Reiman Drive, and lack of intent to discriminate.

### 4. **Plaintiffs' Objections to Defendants' Proposed Witnesses**

Plaintiffs have filed a *Daubert* Motion regarding the proposed testimony of Defendant's

expert, Robert Autorina.

### B.  Exhibits and Objections to Exhibits

See Attachments A (Plaintiffs' exhibits and Defendants' objections) and B (Defendants' exhibits and Plaintiffs' objections).

### C.  Plaintiffs' Deposition Designations

See Attachment C, reflecting Plaintiffs' designations, Defendants' objections and counter-designations, and Plaintiffs' objections and further counter-designations.

### D.  Defendants' Deposition Designations

Defendants have not designated any deposition testimony.

### X.  Stipulations of Fact and Statement of Contested Issues

### A.  Stipulations of Fact

1. Gilead Community Services is a not-for-profit corporation dedicated to providing housing and community-based services to individuals with disabilities in the state of Connecticut.

2. Rainbow Housing Corporation is a not-for-profit corporation affiliated with Gilead Community Services that owns and manages Gilead's real estate assets.

3. The clients served by Gilead's housing programs, including at the 5 Reiman home, are people with disabilities.

4. Gilead intended to use the home at 5 Reiman Drive as a home for six or fewer persons receiving mental health or addiction services.

5. Defendant Town of Cromwell is a Connecticut municipality.

6. At all times relevant to this case, Anthony Salvatore was Acting Town Manager of the Town of Cromwell or Town Manager of the Town of Cromwell.

7. At all times relevant to this case, Shawna Baron was the Tax Assessor for the Town of Cromwell.

8.   At all times relevant to her actions related to this case, Jillian Massey was the Zoning

Enforcement Officer for the Town of Cromwell.

9.   The Defendants did not interfere with, or attempt to interfere with, the purchase of the home at 5

Reiman Drive by Gilead affiliate Rainbow Housing Corporation in March 2015.

### B.  **Joint Statement of Contested Issues of Fact**

1.   Whether Defendant treated Gilead's intended group home at 5 Reiman Drive differently than

other single-family homes within the Town;

2.   Whether Defendant's actions towards Gilead and its intended group home at 5 Reiman Drive

were motivated in part by the disabilities of the home's intended residents;

3.   Whether Defendant's statements regarding Gilead and the home at 5 Reiman Drive indicated a

preference, limitation, or discrimination based on disability;

4.   Whether Defendant's revocation of Gilead's tax-exempt status at 461 Main Street was

motivated in part by Gilead's filing of a federal lawsuit against the Town of Cromwell to

protect Gilead's fair housing rights;

5.   Whether Defendant Enzo Faienza's actions and statements were made in his capacity as

Mayor;

6.   Whether the Defendant engaged in conduct prohibited by the Fair Housing Act and Americans

with Disabilities Act;

7.   Whether Defendant's conduct caused, in fact, any injury to Gilead;

8.   Whether Defendant's conduct caused Gilead's and CFHC's injuries;

9.   Whether the Defendant acted in reckless indifference to Gilead's federally protected rights.

### C.  **Joint Statement of Contested Issues of Law**

1.   Whether Defendant engaged in intentional discrimination on the basis of disability under the

Fair Housing Act and the Americans with Disabilities Act, 42 U.S.C. §§ 3604(f)(1), 3604(f)(2),

3617, and 42 U.S.C. § 12132;

2.  Whether Defendant engaged in retaliatory conduct against Gilead in violation of the Fair

Housing Act and the Americans with Disabilities Act, 42 U.S.C. § 3617 and 42 U.S.C.

§ 12132;

3.  Whether Defendant made discriminatory statements indicating a preference, limitation or

discrimination based on disability in violation of 42 U.S.C. § 3604(c);

4.  Whether the Defendant has proven a Noerr-Pennington defense with regard to the filing of the

DPH petition;

5.  Whether Plaintiff Gilead Community Services has sufficiently proven harm caused by

Defendant sufficient to award compensatory damages;

6.  Whether Plaintiff Connecticut Fair Housing Center has sufficiently proven harm caused by

Defendant sufficient to award compensatory damages;

10.  Whether Defendant's conduct was in reckless indifference to the Plaintiffs' federally protected

rights under the Fair Housing Act and Americans with Disabilities Act such that Plaintiffs are

entitled to an award of punitive damages;

11.  Whether punitive damages can be awarded against the Defendant;

12.  Whether the Defendant engaged in conduct prohibited by the Fair Housing Act and Americans

with Disabilities Act;

13.  Whether the Defendant was the but-for cause of Gilead's choice to leave 5 Reiman Drive.

**XI.**   **Anticipated Evidentiary Issues**

The Parties have filed their motions *in limine*, including *Daubert* motions, concurrently

with the filing of this Memorandum. Further, the Parties have identified their respective objections

to the opposing Parties' exhibit list and deposition designations.

18

XII.   **<u>Jury Instructions</u>**

See Attachments D and E.

DATED:        September 3, 2021

/s/  Tara Ramchandani                                /s/ Thomas R. Gerarde
Tara Ramchandani, *Pro Hac Vice Granted 8/25/17*     Thomas R. Gerarde
Yiyang Wu, *Pro Hac Vice Granted 4/20/17*            ct05640
Andrea Lowe, *Pro Hac Vice Granted 4/30/18*          Howd & Ludorf, LLC
RELMAN COLFAX PLLC                                   65 Wethersfield Avenue
1225 19th Street, Suite 600                          Hartford, CT  06114-11921
Washington, DC 20036                                 Ph:  (860) 249-1361
(202) 728-1888                                       Fax:  (860) 249-7665
tramchandani@relmanlaw.com                           E-mail: tgerarde@hl-law.com
ywu@relmanlaw.com
alowe@relmanlaw.com                                  *Attorney for Defendants*

/s/ Greg Kirschner
Greg Kirschner (ct26888)
Connecticut Fair Housing Center, Inc.
60 Popieluszko Ct.
Hartford, CT 06106
(860) 247-4400
greg@ctfairhousing.org

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on September 3, 2021, a copy of the foregoing Joint Trial Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                           /s/ Andrea Lowe
                           Andrea Lowe