**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GILEAD COMMUNITY SERVICES, INC., *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 3:17-cv-627-VAB |
| TOWN OF CROMWELL, *et al.*, | |
| Defendants. | |
| | September 3, 2021 |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE INTRODUCTION OF INADMISSIBLE AND PREJUDICIAL DOCUMENTS**

Defendant's arguments against Plaintiffs' Motion are inaccurate and unavailing. Plaintiffs' Motion should be granted.

First, contrary to Defendant's suggestion, Plaintiffs' central argument is not that Representative Carpino and Senator Doyle "now disclaim any knowledge as to claims they make in the letter." *See* Dkt. 200 at 3.  The issue is not what the authors now remember, but that the authors admittedly *never* had any basis for the inflammatory claims made in the letter rendering the contents inadmissible hearsay.

Second, Defendant's Opposition admits it intends to offer the content of the letter for its truth, specifically that it "evidences the tone and concerns voiced at that time, April 30, 2015." Dkt. 200 at 3. As such Defendant expressly contradicts its claim that it intends to offer the letter solely for its effect on the listener. As a result it does not fall within any potential exception to FRE 801.

Third, Defendant cannot establish that the letter is relevant or probative. Defendant offers nothing to support the notion that the letter had any effect on Dan Osborne or the ultimate decision to close the program in August 2015 (nearly four months later). It is undisputed that the letter was sent on April 30, 2015 — which was prior to Gilead housing any residents at 5 Reiman Drive. Gilead then proceeded with opening the home after receiving the April 30 letter. To suggest that the letter then motivated Dan Osborne to reverse course months later is unreasonable.

Fourth, Defendant fails to address the prejudice inherent in admitting the April 30, 2015 letter, particularly the emotional response it would tend to evoke in jurors. Indeed, in its Opposition Defendant highlights that the letter evidences the "tone and concerns voiced at that time." Dkt. 200 at 3. The "tone" was that of "an angry mob" according to Mayor Faienza (V.

Faienza Dep. Tr. at 92:22-93:9) and the concerns expressed in the letter were baseless claims about other unidentified group homes. To any extent Defendant truly wishes to raise the fact that a letter was sent by the elected official on April 30, 2015, they can do so through testimony without the risk of the prejudice acknowledged under FRE 403. *See* Advisory Comm. Note, Fed. R. Evid. 403.

The same deficiencies apply to Defendant's Opposition to Plaintiffs' Motion to preclude the introduction of a particular email chain dated July 15, 2015. Defendant claims the email is necessary to support its theory that Gilead closed the home at 5 Reiman Drive because of pressure to do so applied by elected state officials (Rep. Carpino and Sen. Doyle). Defendant has proffered no evidence to support this theory which in fact is contradicted by the existing record. Rep. Carpino has testified that she took no actions to try to close the home at 5 Reiman Drive, while DMHAS's only concern about continued operation stemmed from the opposition from the Town affecting the experiences of the residents. *See, e.g.*, C. Carpino Dep. Tr. at 62:13-24; P. DiLeo Dep. Tr. 124:15-21; 127:10-128:8; 129:5-130:10. To the extent there is any probative value to establishing that communications occurred between Representative Carpino and the Department of Mental Health and Addiction Services, Defendant may do so by eliciting testimony without the risk that introducing the text of these particular emails would result in unfair prejudice or misleading the jury or through other exhibits documenting such communication that don't contain unfairly prejudicial content. *See, e.g.*, Def.'s Exs. 526, 564, 566, 648, 699.

Finally, a limiting instruction would not be a sufficient remedy. "Giving the instruction may lessen but does not invariably eliminate the risk of prejudice notwithstanding the instruction. Rule 403 balancing must therefore take into account the likelihood that the limiting

instruction will be observed." *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980). Here, a limiting instruction would require telling the jury to ignore the contents of the documents. Such an instruction would be difficult for the jury to observe, particularly since the purported purpose, to establish that communications had been made between the elected officials and Gilead and DMHAS, can be established through other documents or testimony. As such exclusion is the appropriate remedy.

## **CONCLUSION**

Contrary to Defendant's claim, Plaintiffs do not seek "total exclusion of the evidence in question." Dkt. 200 at 7. Rather Plaintiffs' Motion merely seeks to preclude providing the content of these documents to the jury because sufficient alternative means exist to offer the evidence. Accordingly, Plaintiff's Motion should be granted.

DATED:          September 3, 2021              Respectfully Submitted,

/s/ Greg Kirschner
Greg Kirschner (ct26888)
Connecticut Fair Housing Center, Inc.
60 Popieluszko Court
Hartford, CT 06106
(860) 263-0724
gkirschner@ctfairhousing.org

/s/ Andrea Lowe
Andrea Lowe, *Pro Hac Vice Granted 4/30/18*
Michael Allen, *Pro Hac Vice Granted 4/20/17*
Tara Ramchandani, *Pro Hac Vice Granted 8/25/17*
Yiyang Wu, *Pro Hac Vice Granted 4/20/17*
RELMAN COLFAX PLLC
1225 Nineteenth Street, Suite 600
Washington, DC 20036
(202) 728-1888
alowe@relmanlaw.com
mallen@relmanlaw.com
tramchandani@relmanlaw.com
ywu@relmanlaw.com

*Attorneys for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 3rd day of September, 2021, a copy of the foregoing was filed and served electronically.  Notice of this filing will be sent  by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.


<u>/s/ Andrea Lowe</u>
Andrea Lowe