UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GILEAD COMMUNITY SERVICES, INC.,
*et al.*

    *Plaintiffs*,

v.

TOWN OF CROMWELL
    *Defendant*.

No. 3:17-cv-00627 (VAB)

United States District Court
District of Connecticut
FILED AT BRIDGEPORT
October 15, 2021
Robin D. Tabora, Clerk
By _____
Deputy Clerk

## VERDICT FORM

### PART ONE: LIABILITY

**CLAIM ONE: Intentional Discrimination Claim**

1. Did Gilead Community Services and the Connecticut Fair Housing Center prove by a preponderance of the evidence that the Town of Cromwell engaged in intentional discrimination based on disability, in violation of 42 U.S.C. § 3604(f) of the Fair Housing Act and 42 U.S.C. § 12132 of the Americans with Disabilities Act?

    Yes ✓    No _____

**CLAIM TWO: Discriminatory Statements Claim**

2. Did Gilead Community Services and the Connecticut Fair Housing Center prove by a preponderance of the evidence that the Town of Cromwell made statements indicating a preference, limitation, or discrimination based on disability in violation of 42 U.S.C. § 3604(c) of the Fair Housing Act?

    Yes ✓    No _____

**CONTINUE TO THE NEXT PAGE**

**CLAIM THREE: Retaliation Claim**

3. Did Gilead Community Services and the Connecticut Fair Housing Center prove by a preponderance of the evidence that the Town of Cromwell engaged in retaliatory conduct in violation of 42 U.S.C. § 3617 of the Fair Housing Act and 42 U.S.C. § 12132 of the Americans with Disabilities Act?

    Yes __✓__    No _____

*If you answered "No" to all questions above, then your deliberations are complete and you may skip to the last page of this document and have the jury foreperson sign and date the verdict form.*

*If you answered "Yes" to any question, then you must complete Part Two.*

## PART TWO: DAMAGES

**Compensatory Damages**

4. Did Gilead Community Services prove by a preponderance of the evidence that the organization suffered compensatory damages as a result of the conduct of the Town of Cromwell?

    Yes __✓__    No _____

    *If you answered yes, indicate the total amount of compensatory damages that Gilead Community Services proved.*

    Compensatory damages: $ __181,000__

5. Did the Connecticut Fair Housing Center prove by a preponderance of the evidence that the organization suffered compensatory damages as a result of the conduct of the Town of Cromwell?

    Yes _____    No __✓__

    *If you answered yes, indicate the total amount of compensatory damages that the Connecticut Fair Housing Center proved.*

    Compensatory damages: $ __0__

**CONTINUE TO THE NEXT PAGE**

**Punitive damages**

6. Did Gilead Community Services and the Connecticut Fair Housing Center prove by a preponderance of the evidence that the Town of Cromwell acted with malice or reckless indifference to the federally protected rights of the intended residents of 5 Reiman Drive?

    Yes ✓   No ____

    *If you answered yes, you may, but are not required to, award punitive damages.*
    *If you award punitive damages, indicate the total amount.*

    Punitive damages: $ 5,000,000

*Sign and date this verdict form.*

_____/s/_____   10/15/21

Signature of Foreperson    Date

3