UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GILEAD COMMUNITY SERVICES, INC., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>TOWN OF CROMWELL, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 3:17-cv-627<br><br><br>December 2, 2021 |

### PLAINTIFFS' MOTION FOR NOMINAL DAMAGES UNDER FED. R. CIV. P. 59(E), OR IN THE ALTERNATIVE, FED. R. CIV. P. 60(B)

Plaintiffs Gilead Community Services ("Gilead") and the Connecticut Fair Housing Center ("CFHC") respectfully move to amend the Court's Judgment to award nominal damages to the Connecticut Fair Housing Center.

**I.　PROCEDURAL HISTORY**

On October 15, 2021, following a 7-day trial, a federal jury issued a verdict in favor of Plaintiffs CFHC and Gilead. *See* Jury Verdict, Dkt. No. 239. The jury concluded that CFHC and Gilead proved by a preponderance of the evidence that Defendant Town of Cromwell violated the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA") in at least three manners: by (1) engaging in intentional discrimination based on disability; (2) making statements indicating a preference, limitation, or discrimination based on disability; and (3) engaging in retaliatory conduct. *Id.* at 1-2. While the jury awarded Gilead $181,000 in compensatory damages, it declined to award CFHC any compensatory damages. *Id.* at 2. It awarded $5 million in punitive damages. *Id.*

1

On November 4, 2021, the Court entered judgment for Plaintiffs CFHC and Gilead and against Defendant. *See* Judgment, Dkt. No. 248. The judgment entered by the Court noted the jury's award of compensatory damages and punitive damages, but made no mention of nominal damages for CFHC. *Id.*

## II.      LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to move to "alter or amend a judgment" within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e). The standard for a motion to alter a judgment under Rule 59(e) is the same as a motion for reconsideration. *See Krohn v. N.Y.C. Police Dep't*, 341 F.3d 177, 179 (2d Cir. 2003). Thus, a motion to alter a judgment should be granted where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

In addition, under Federal Rule of Civil Procedure 60(b), a party may also seek relief from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *Fassett By & Through Fassett v. Haeckel*, 936 F.2d 118, 121 (2d Cir. 1991) (considering plaintiff's request for nominal damages under Rule 60). "The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted).

### III. ARGUMENT

Nominal damages are required where a plaintiff proves a civil rights violation but the jury does not award compensatory damages. Here, the jury found that CFHC has proven Defendant's liability for civil rights violations under the FHA and ADA. As a result, the jury should have awarded nominal damages to CFHC. In circumstances where, as in the instant case, there was no nominal damages instruction, the appropriate remedy is for the Court to enter judgment awarding nominal damages. Thus, the Court should amend its Judgment to reflect a nominal damage award of $1 to CFHC.

#### A. The Jury Should Have Awarded CFHC Nominal Damages.

It is well-established that "[a] plaintiff who has proven a civil rights violation[,] but has not proven actual compensable injury, is entitled to an award of nominal damages." *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 431 (2d Cir. 1995) (listing cases); *see also Cabrera v. Jakabovitz*, 24 F.3d 372, 391 (2d Cir. 1994) (upholding district court's award of nominal damages in FHA action notwithstanding jury's refusal to award them), *cert. denied,* 513 U.S. 876 (1994); *Tolbert v. Queens Coll.*, 242 F.3d 58, 74 (2d Cir. 2001). The Second Circuit has repeatedly held that such civil rights violations include violations of the Fair Housing Act. *See LeBlanc-Sternberg,* 67 F.3d at 431; *Cabrera*, 24 F.3d at 391. In *LeBlanc-Sternberg*, the jury found that plaintiffs established the defendant municipality's liability for violations of the FHA and the First Amendment, but did not prove compensable injury. 67 F.3d at 431. The Second Circuit held that because plaintiffs established civil rights violations, they should have been awarded at least nominal damages. *Id.*

The verdict in the instant case makes clear that CFHC should have been awarded nominal damages. First, CFHC proved Defendant's civil rights violations. The jury found that the

Plaintiffs proved by a preponderance of the evidence that Defendant violated the FHA and ADA. *See, e.g.*, Jury Verdict at 1 ("Did Gilead Community Services and the Connecticut Fair Housing Center prove by a preponderance of the evidence that the Town of Cromwell engaged in intentional discrimination based on disability . . . ? [Answer]: Yes."). Second, even though CFHC proved discrimination, CFHC was not awarded any compensatory damages. *Id.* at 2. CFHC thus established Defendant's liability for a civil rights violation but was awarded no compensatory damages as a result. Under Second Circuit precedent, this should have entitled CFHC to an award of nominal damages. *See, e.g.*, *LeBlanc-Sternberg*, 67 F.3d at 431; *see also Robinson v. Cattaraugus Cnty.*, 147 F.3d 153 (2d Cir. 1998) (in multi-plaintiff case, the plaintiff who was not awarded compensatory damages was entitled to nominal damages); *Cabrera*, 24 F.3d at 391; *Tolbert*, 242 F.3d at 74.

### B. Because the Jury Did Not Award CFHC Nominal Damages, the Court Should Amend the Judgment.

For the reasons described above, CFHC was entitled to a nominal damages award. Because the jury verdict did not include nominal damages, the Court must, as a matter of law, amend the Judgment in order to reflect these damages.

Plaintiffs' motion for an amendment of the judgment is appropriate for two reasons. First, Plaintiffs have properly raised the issue of nominal damages at the post-trial motion stage. It is not uncommon for juries to find a violation of a plaintiff's civil rights but to fail to find actual damages, and the Second Circuit has instructed that the appropriate remedy under that circumstance "is for the court itself to enter judgment awarding the claimant nominal damages." *Robinson*, 147 F.3d at 162; *see also Gibeau v. Nellis*, 18 F.3d 107, 111 (2d Cir. 1994) (under similar circumstances, "this error may be corrected solely by amending the judgment and without a new trial"); *Fassett By & Through Fassett*, 936 F.2d at 121 (citing to Fed. R. Civ. P. 60,

4

"providing that the court may relieve a party from a final judgment for, among other reasons, mistake"). Thus, courts in this district routinely remedy the problem by granting a plaintiff's post-trial motion for nominal damages. *See, e.g.*, *Caruso v. Forslund*, 842 F. Supp. 1497, 1499 (D. Conn. 1994), *aff'd*, 47 F.3d 27 (2d Cir. 1995) (granting plaintiff's motion for nominal damages and awarding plaintiff $1.00 in damages where the jury found that defendant conducted an unreasonable search of plaintiff's residence but did not award actual damages); *Ali v. Kipp*, 2016 WL 7235719, at *8 (E.D.N.Y. Dec. 13, 2016), *aff'd*, 891 F.3d 59 (2d Cir. 2018) (awarding plaintiff nominal damages of $1, after noting that where the court did not instruct the jury on nominal damages, "the appropriate remedy for this error is for the court itself to enter judgment awarding the claimant nominal damages").

Second, Plaintiffs are entitled to an award of nominal damages to CFHC even though they did not raise the issue of nominal damages previously. Here, neither Plaintiffs nor Defendant sought any instruction related to nominal damages. Accordingly, the Court did not instruct the jury that it must award nominal damages if it were to conclude that Plaintiffs established civil rights violations but no compensable injury. *See* Post-Trial Jury Instructions (Dkt. No. 233). However, courts have found that the parties' failure to request or object to jury instructions on nominal damages is not dispositive.

In *Gibeau*, the Second Circuit considered a request by the plaintiff for nominal damages (following the jury's verdict) even though the plaintiff did not object to erroneous jury instructions or to the omission of nominal damages from the verdict form. 18 F.3d at 110–11. The Second Circuit reasoned that, because the award of nominal damages is "not discretionary" when "a substantive constitutional right [or civil right] has been violated," it was "plain error" for the court not to issue that jury instruction or provide a corresponding verdict form. *Id.* at 111.

5

In other words, an award of nominal damages is necessary even if the court did not instruct the jury on nominal damages, and even if the parties did not seek an instruction on nominal damages. *See, e.g.*, *Robinson*, 147 F.3d at 162 (finding that it was "plain error" not to properly instruct the jury about nominal damages, even where plaintiff did not object to the erroneous jury instructions); *Ali*, 2016 WL 7235719, at *8 (finding that it was "plain error not to instruct on nominal damages in light of the existence of a theory of the case where a constitutional violation is found but no compensable injury[,]" even where the plaintiff did not object to (and in fact advocated against) any mention of nominal damages in the jury instructions and verdict form); *Stoedter v. Gates*, 704 F. App'x 748, 759 (10th Cir. 2017). Given this "plain error," the appropriate remedy is an amendment of the Judgment to include nominal damages.

For the reasons established above, Plaintiffs respectfully request that the Court modify the Judgment to award Plaintiff CFHC nominal damages of $1. A proposed order is attached.

DATED: December 2, 2021

Respectfully Submitted,

/s/ Yiyang Wu
Yiyang Wu, *Pro Hac Vice Granted 4/20/17*
Tara Ramchandani, *Pro Hac Vice Granted 8/25/17*
Michael Allen, *Pro Hac Vice Granted 4/20/17*
RELMAN COLFAX PLLC
1225 Nineteenth Street, Suite 600
Washington, DC 20036
(202) 728-1888
ywu@relmanlaw.com
tramchandani@relmanlaw.com
mallen@relmanlaw.com

Greg Kirschner (ct26888)
Connecticut Fair Housing Center, Inc.
60 Popieluszko Court
Hartford, CT 06106
(860) 263-0724
gkirschner@ctfairhousing.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of December, 2021, a copy of the foregoing was filed and served electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      /s/ Yiyang Wu
      Yiyang Wu